Filed 9/19/25  Silvaco v. Andersen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SILVACO, INC. et al.,<br><br>　　Plaintiffs and Appellants,<br><br>　　v.<br><br>OLE CHRISTIAN ANDERSEN et al.,<br><br>　　Defendants and Respondents. | H053034, H053182<br>(Santa Clara County<br>Super. Ct. No. 20CV374355) |

**THE COURT[1]**

In litigation over a commercial dispute between appellants Silvaco Inc., Kathy and Iliya Pesic and respondents, JPTB Family Holdings ApS, Jens Michelsen, and Ole Christian Andersen, the parties agree the jury returned irreconcilably inconsistent findings.  While the appeal was pending, the parties reached a settlement and now jointly move for summary reversal of the judgment.  We grant the motion and reverse the judgment pursuant to the stipulation of the parties.

**I. PROCEDURAL BACKGROUND**

After a dispute arose between the parties over the acquisition of respondents' company by appellants, appellants commenced this action for declaratory relief.  Respondents cross-complained, asserting various claims for breach of contract and fraud against Silvaco and individual appellants Kathy and Iliya Pesic.

_____

[1] Before Grover, Acting P. J., Danner, J. and Wilson, J.

The trial court conducted a bifurcated jury trial. After phase one, the jury returned detailed special verdicts. As to Silvaco, the jury found it liable for breach of contract and the implied covenant of good faith and fair dealing, and awarded respondents $11.3 million on those claims. The jury also found all appellants liable for intentional misrepresentation; Silvaco and Ms. Pesic liable for negligent misrepresentation; and Silvaco liable for false promise. The jury awarded compensatory damages of $6.6 million on the fraud claims. But the jury found the Pesics not liable on the false promise claim, and Mr. Pesic not liable for negligent misrepresentation.

After phase two, the jury awarded punitive damages of $33 million, with $17 million to be paid by Silvaco, $6 million to be paid by Ms. Pesic, and $10 million to be paid by Mr. Pesic. The court entered judgment, and after the trial court denied appellants' post-trial motions, appellants timely appealed.

Before either the record or briefs were filed, the parties settled their dispute and have jointly moved for an order reversing the judgment and remanding the matter to the trial court with directions to dismiss the action with prejudice pursuant to Code of Civil Procedure section 128, subdivision (a)(8).

## II.    DISCUSSION

As outlined in the joint application and stipulation for reversal, the parties ask that we summarily reverse the judgment because they have settled their dispute. They agree that in light of the inconsistent special verdicts, reversal on appeal is likely and summary reversal at this early juncture will conserve judicial and private resources, while placing the parties in the same position as if the appeal were prosecuted to completion. The parties' joint motion supports the conclusion that summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).)

For the reasons stated in the motion, we find no possibility that the interests of nonparties or the public will be adversely affected by the reversal. The public interest is

2

served by a speedy resolution of this appeal, as obviating the need for preparation of the record and review by this court will conserve judicial resources. And because the delivery of inconsistent verdicts was not knowable before trial, the availability of a stipulated reversal here will not affect the incentive for pretrial settlement in other matters. We further find that the grounds stated for requesting reversal are reasonable and outweigh any erosion of public trust resulting from nullification of a judgment. Public trust in the courts is enhanced, not eroded, when parties agree to settle their disputes making further litigation unnecessary. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III.    DISPOSITION

The judgment is reversed as stipulated by the parties. The matter is remanded and the trial court directed to dismiss the action with prejudice. The remittitur shall issue forthwith. The parties shall bear their own costs on appeal.